[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The petitioner brings this petition for a writ of habeas corpus alleging that his criminal trial attorney James McCann, was ineffective in assisting him in that (1) he failed to challenge the arrest of the petitioner as the fruit of an unlawful and warrantless seizure; (2) he advised the petitioner to enter a plea of guilty because he would be convicted by a jury on the basis of the evidence of the state; (3) he advised petitioner CT Page 2573 that he would receive credit for the time he had been in jail prior to entering his plea and, in fact did not; (4) he incorrectly advised petitioner that he wouldn't have to serve eighty-five percent (85%) of his 5 1/2 years sentence before being eligible for parole because he was sentenced to only one year for assault on a police officer, the only charge which would trigger the requirement; (5) he incorrectly advised petitioner that the six (6) year sentence he was serving at the time of the plea would not be superceded or disturbed in any way by the new sentence and the new sentence did supercede it, which caused him to lose credit; and (6) he coerced the petitioner into his decision to plead guilty on the basis of his erroneous advice that he would be eligible for parole prior to serving eighty-five percent (85%) of his entire sentence.
In the second count he alleges that the respondent has erroneously advised the petitioner that he must serve eighty-five percent (85%) of his sentence of 5 1/2 years prior to being eligible for parole despite the fact that the only charge triggering that requirement imposed by General Statute Section54-125a was assault on a peace officer for which he was sentenced to only one (1) year.
The respondent moved to dismiss the second count and the court granted the motion, there being nothing contested by the petitioner.
The petitioner called two witnesses, his criminal trial attorney and himself. McCann testified that he represented the petitioner for three (3) files with six (6) charges. He received the police report and a report from the public defender's investigation. He recalls these were drug charges and he made sure there was a positive analysis. He negotiated with the State's Attorney. He believes there was an offer of fifteen (15) years execution suspended after five (5) years and remembers that there was a violation of probation from which he was sentenced prior to his representation. He doesn't remember what the sentence was which he was serving. He did discuss the propriety of the traffic stop but can't remember specifically whether he thought it was good or bad. He has no recollection of advice given but negotiated the best deal possible without deduction by parole or good time. No promises are ever given as to time to serve.
The petitioner recalls his arrest on August 19, 1996 and again CT Page 2574 on October 11, 1996. On August 19, 1996 the charges were possession of narcotics and reckless endangerment in the first degree and on October 11, 1996 possession of narcotics, driving under suspension and assault on a peace officer. He was then on probation. On October 11, 1996 he didn't make bond and was assigned McCann as a Special Public Defender. He believed that motions were to be prepared. He was issued a violation of probation in December 1996 and received a six (6) years sentence. He discussed with inmates in the holding cell about parole and learned that he had to serve eighty-five percent (85%) of his sentence even though McCann told him he would only have to serve fifty (50) percent. McCann did nothing about the motion on the illegal stop even though McCann said the police didn't have the make or color of the car. He believed that at the time of his sentencing on the plea bargain that he would receive his presentence time and good time which was for one (1) year and one (1) day of presentence time. He has written a request of parole and received a negative response. On October 29, 1997 he was sentenced on the plea bargain to an effective sentence of fifteen years execution suspended after five and one half (5 1/2) years with three (3) years probation concurrent with the sentence then being served. See Respondent's Exhibit A.
A successful petitioner must show that there is reasonable probability that but for counsel's unprofessional errors, the result of the proceedings would have been different. Copas v.Commissioner, 234 Conn. 139 (1995); Strickland v. Washington,446 U.S. 668, 694. On his August 19, 1996 arrest both the police officer and neighbors heard the gunshot emanate from the petitioner's apartment and, although he, upon the officer's knock, claimed it came from outside, upon invitation into the apartment, the officer found a fresh bullet hole in the ceiling. An atomic absorption test revealed trace materials from his hands indicating he had recently fired a weapon. Discovery was made of sixteen bags of crack cocaine and twenty-four bags of marijuana stacked under a vent in the floor as seen through a hole in the vent. See Respondent's Exhibit A.
His arrest on October 11, 1996 resulted after a member of the Hobart Street neighbor's association called into the police a plate of a car that was traveling very fast and going through stop signs on Hobart Street. Officer Joyce Hoff in an attempt to investigate stopped the car and as she approached the car the petitioner pushed her aside and ran, pursued by Officers Richards and Lyons. The petitioner had been hiding something in his hand CT Page 2575 which he discarded during the chase, which was later found to be a large plastic bag of crack cocaine and money. In subduing the petitioner both Officers Richards and Hoff received injuries. SeePetitioner's Exhibit 1. The petitioner has failed to demonstrate how convictions could be avoided.
Counsel obtained for the petitioner in exchange for his Alford plea on the various charges of these two arrests, a total effective sentence of fifteen (15) years execution suspended after five and a half (5 1/2) years concurrent with a sentence of six (6) years the petitioner was then serving. Considering the result of the plea bargaining, the petitioner has failed to prove counsel's representation fell below an objective standard of reasonableness. Aillon v. Meachum, 211 Conn. 352, 359.
Since the petitioner failed to be an accurate historian as to the events of his two arrests, this court gives no credit to the various claims of advice and promises he has attributed to his attorney such as the petitioner's entitlement to good time credits, his eligibility for parole after serving fifty (50) percent of his sentence and which of his sentences was to be the controlling sentence by length.
For the above reasons the petition is denied.
Thomas H. Corrigan Judge Trial Referee